```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

SHAINA A. RUTHERFORD, Individually,
and on Behalf of All Others
Similarly Situated,

              Plaintiffs,

vs.                            Case No.  2:12-cv-509-FtM-29DNF

ZOOM TAN, INC.; ZOOM TAN, LLC; ZOOM
TAN FRANCHISING, LLC; and CLUB
TEXTING, INC. d/b/a EZ TEXTING,
INC.,

              Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Club Texting, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #41) filed on November 16, 2012.  Plaintiff filed a Response in Opposition (Doc. #46) on December 7, 2012.  On January 22, 2013, defendant filed a Reply (Doc. #51).  For the reasons set forth below, the motion is granted.

### I.

On October 26, 2012, plaintiff Shaina A. Rutherford (Rutherford), individually, and on behalf of all others similarly situated, filed a one-count First Amended Complaint (Doc. #33) against defendants Zoom Tan, LLC, Zoom Tan, Inc., Zoom Tan Franchising, LLC (Zoom Tan), and Club Texting, Inc. d/b/a EZ Texting, Inc. (Club Texting) for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA).

Plaintiff alleges that Club Texting, on behalf of Zoom Tan, made unsolicited text message calls to plaintiff and the putative class members. (Doc. #33.) Plaintiff also alleges that she received the messages nearly every month since mid-2011; defendant Club Texting made the calls using an auto-dialer that had the capacity to store, produce, and dial telephone numbers using a random or sequential number generator; and the messages did not include an unsubscribe mechanism. (Id.)

Defendant Club Texting moves to dismiss the First Amended Complaint for lack of personal jurisdiction and failure to state a claim. (Doc. #41.) In the alternative, Club Texting requests that the issues relating to Club Texting should be referred to the Federal Communications Commission (FCC) under the primary jurisdiction doctrine. (Id.) Plaintiff argues to the contrary. (Doc. #46.)

**II.**

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999); see also Sinchem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). The parties do not dispute that the Court has subject matter jurisdiction over this matter.

Personal jurisdiction is a restriction on judicial power as a matter of individual liberty, and "a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority." Ruhrgas AG, 526 U.S. at 584. Unless waived or forfeited,[1] personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." Id. at 584 (citation and internal quotation marks omitted).

The existence of personal jurisdiction is a question of law. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008).

Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). A prima facie case is established if plaintiff

---

[1] Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-04 (1982).

alleges enough facts to withstand a motion for directed verdict or judgment as a matter of law. PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 810 (11th Cir. 2010); SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997). If defendant challenges jurisdiction by submitting affidavit evidence making a specific factual denial based on personal knowledge, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Mazer, 556 F.3d at 1274. Plaintiff bears the ultimate burden of establishing that personal jurisdiction is present. Oldfield, 558 F.3d at 1217. "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). "If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists." PVC Windoors, 598 F.3d at 810.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." Diamond

Crystal Brands, 593 F.3d at 1258 (internal citations and quotation marks omitted). The Court must determine the first step before proceeding to the second. PVC Windoors, 598 F.3d at 807-08.

The reach of the Florida long arm statute is a question of Florida law. Mazer, 556 F.3d at 1274. "A Florida court conducts a two-step inquiry when determining whether jurisdiction under Florida's long-arm statute is proper in a given case. Initially, it must determine whether the complaint alleges jurisdictional facts sufficient to invoke the statute. If so, the court must then examine whether the defendant has sufficient 'minimum contacts' with Florida in order to satisfy due process requirements." Canale v. Rubin, 20 So. 3d 463, 465 (Fla. 2d DCA 2009)(citing Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So. 2d 582, 584 (Fla. 2000)). The due process analysis itself involves a two-part inquiry in which the Court first considers whether defendant engaged in minimum contacts with the state of Florida, then considers whether the exercise of personal jurisdiction over defendant would offend traditional notions of fair play and substantial justice. Madara v. Hall, 916 F.2d 1510, 1515-16 (11th Cir. 1990).

### III.

Florida's long-arm statute provides in relevant part: "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate,

intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).[2]  "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010).  "In order to establish that [defendant] was engaged in substantial and not isolated activity in Florida, the activities of [defendant] must be considered collectively and show a general course of business activity in the State for pecuniary benefit." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006)(citation and internal quotation marks omitted).

The First Amended Complaint alleges that Club Texting is a New York corporation with its principal place of business in New Jersey which has submitted itself to the jurisdiction of the court by "engag[ing] in substantial and non-isolated activity by soliciting and engaging in business in this District and throughout the State of Florida." (Doc. #33, ¶ 14.)  The First Amended Complaint also alleges that Club Texting: (1) "ma[de] unsolicited spam text message calls *en masse* on behalf of its continuous and systematic general business contacts, such as Zoom Tan," (id.); (2) "Defendant Club Texting earns substantial revenue from Defendants Zoom Tan in

---

[2]The First Amended Complaint only alleges that the Court has general jurisdiction over Club Texting.

Florida for making *en masse* unsolicited text message calls on their behalf, targeting potential customers or friends of potential customers for each of Zoom Tan's twenty-eight (28) Florida locations," (id.); (3) "[b]y engaging in the text message marketing scheme throughout Florida . . . it is reasonable for Defendant Club Texting to expect to be haled into Court in this District, and doing so does not offend traditional notions of fair play and substantial justice," (Doc. #33, ¶ 15), (4) "the *en masse* unsolicited spam text message calls made by Club Texting were directed, in substantial part, at Florida residents who may be potential customers of Zoom Tan's twenty-eight (28) Florida locations and were harmed exclusively or primarily in Florida by receiving wireless spam," (Doc. #33, ¶ 17).

Club Texting asserts that it is not engaged in substantial and not isolated activity within the State of Florida. In support, defendant provides the affidavit of Shahriyar Neman (Doc. #41-4) in which he states the following:

Club Texting does not intentionally do business in Florida; Club Texting has not been qualified to do business in Florida, nor is it required to do so; in Florida, Club Texting does not have software and computer facilities, a registered agent, subsidiaries, officers or directors, employees, offices, retail stores, authorized dealers, agents, telephone listings, a mailing address, bank accounts, tangible personal or real property, or a lease; Club

Texting does not direct its advertising specifically toward Florida residents or advertise in any publications directed to Florida residents; Club Texting's agents and employees have not visited Florida for soliciting business or advertising services; Club Texting has not availed itself of any courts in Florida or other governmental benefits relating to Florida; Club Texting's website is not directed at Florida and Club Texting does not track or easily know where a particular customer is located and does not ask for that information; Club Texting's contract with its customers, including Zoom Tan, calls for arbitration in New York and calls for the application of New York law; Club Texting does not provide lists of telephone numbers to its customers, nor does it review the lists of telephone numbers developed by its customers; Club Texting does not control the content, timing, or direction of the text messages its customers, including Zoom Tan, send. (Doc. #41-4.)

In response, plaintiff asserts that the alleged facts in her First Amended Complaint demonstrate that Club Texting "has engaged substantial and not isolated business in Florida" and "was conducting, engaging in, or carrying on a business or business venture in Florida by sending thousands of unsolicited text messages to promote Zoom Tan customers in Florida." (Doc. #46, p. 6.) Plaintiff fails to produce any other evidence supporting jurisdiction. (Id.)

Because Mr. Neman's affidavit shifted the burden back to plaintiff to produce evidence supporting jurisdiction, Mazer, 556 F.3d at 1274, and plaintiff failed to produce such evidence, personal jurisdiction pursuant to Fla. Stat. § 48.193(2) has not been established.[3]  Accordingly, the motion to dismiss for lack of personal jurisdiction is granted.

Accordingly, it is now

**ORDERED**:

1. Defendant Club Texting, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #41) is **GRANTED** and the First Amended Complaint (Doc. #33) is **DISMISSED WITHOUT PREJUDICE** against defendant Club Texting, Inc. for lack of personal jurisdiction.

2. The Clerk shall terminate Club Texting, Inc. as a defendant on the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>5th</u> day of August, 2013.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

---

[3] Because plaintiff has failed to establish personal jurisdiction pursuant to Fla. Stat. § 48.193(2), the Court need not address Club Texting's arguments that the exercise of general jurisdiction would violate due process, the First Amended Complaint fails to state a claim, and the issues relating to Club Texting should be referred to the FCC under the primary jurisdiction doctrine.

Copies: Counsel of record

Copies: Counsel of record